CLERKS OFFICE
US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
10/26/2026
LAURA A. AUSTIN, CLERK
BY: s/J. Lopez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Erica Penque, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:26-cv-00133 |
| | ) | |
| L. W. Millholland, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Erica Penque, *pro se*, brings action against Defendants L. W. "Lenny" Millholland and unidentified John Doe and Jane Doe government officials in their individual capacities. Penque alleges First Amendment retaliation and Fourteenth Amendment sex discrimination claims against Millholland, the Sheriff of Frederick County, Virginia.

This matter is before the court on Penque's motion for leave to proceed *in forma pauperis*. (Dkt. 2.) For the reasons below, the court will grant Penque's motion for leave to proceed *in forma pauperis* and dismiss her action *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. Background

Penque filed her complaint in this court on October 15, 2026. (Compl. (Dkt. 1).) She alleges that she submitted various complaints and record requests to Milholland about suspected government wrongdoing. (*Id.* ¶ 3.) She then "experienced adverse treatment that she believes was retaliatory." (*Id.* ¶ 4.) Penque also "reports conduct that she perceived as demeaning toward women and preferential toward socially connected parties" in proceedings

involving her estranged husband and his counsel. (*Id.* ¶ 5.) She alleges that a "temporary-residence ruling" from February 23, 2026 left her without stable housing. (*Id.* ¶ 6.) She does not name the judges in these proceedings as defendants, but "believes that personal or professional relationships" between her estranged husband, his counsel and "certain officials may have influenced the treatment she received." (*Id.* ¶ 7.) However, she "does not assert that relationships alone establish an unlawful agreement." (*Id.*) "She also reports incidents of suspected stalking; the actors and governmental connection have not yet been identified." (*Id.*)

Count 1 alleges retaliation for constitutionally protected speech or petitioning in violation of the First Amendment. (*Id.* ¶ 8.) Count 2 alleges unequal treatment because of her sex in violation of the Equal Protection Clause of the Fourteenth Amendment. (*Id.* ¶ 9.)

## II. Standard of Review

After allowing a plaintiff to proceed *in forma pauperis*, the court must "dismiss the case at any time" if it determines that the action (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court must liberally construe the filings of *pro se* litigants. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "this liberal construction does not require the court to ignore clear defects in pleading" or to "conjure up questions never squarely presented in the

complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citations omitted).

When evaluating whether a complaint "fails to state a claim on which relief may be granted" under § 1915(e)(2)(B)(ii), the court applies the same standard that applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III. Analysis

Penque fails to state a claim under 42 U.S.C. § 1983 because her allegations of misconduct are entirely conclusory. A proper section 1983 claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). As Penque's own complaint notes for her First Amendment claim: "Specific dates, responsible actors, actions, and facts showing causation must be supplied before this count can be responsibly filed against a particular defendant." (Compl. ¶ 8.) The same is true for her Equal Protection claim: "Specific acts attributable to each defendant and facts plausibly indicating discriminatory purpose must be supplied before this

count can be responsibly filed against a particular defendant." (*Id.* ¶ 9.) Penque has not supplied sufficient factual allegations for either claim.

Penque only alleges that she "received adverse treatment" because of her complaints to Millholland, without specifying what that treatment was or how it was causally connected to Millholland. (*Id.* ¶ 4.) Nor does she identify what specific conduct she "perceived as demeaning toward women," nor who committed this conduct, nor how the conduct was connected to Millholland or any other defendant. (*Id.* ¶ 5.) Penque's allegations are simply too vague and conclusory to support her section 1983 claims.

## IV. Conclusion

For the reasons stated, the court **GRANTS** Penque's motion for leave to proceed *in forma pauperis* and **DISMISSES** Penque's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Penque and all counsel of record.

**ENTERED** this 26 day of October, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE